UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINGLEY SYSTEMS, INC.,

      Plaintiff,

v.                                                 CASE NO. 8:05-cv-1936-T-27MAP

HEALTHLINK, INC.,

      Defendant,
_____/

**ORDER**

THIS CAUSE is before the Court on Defendant's Motion to Compel (doc. 29) and Plaintiff's response (doc. 33). After a hearing on the matter, and for the reasons stated at the hearing, it is

ORDERED:

1. The following requests for production are GRANTED: #26, #39, #73, #100, #101, #114, and #122.

2. Request for production #132 is GRANTED as to products Plaintiff sold to Defendant or other similar products sold to any other customer that defines the term "user" or applies the term "user," from the year 2000 until the filing of the complaint.

3. The parties agreed to withdraw requests for production #71, #108, #109 and #118.

4. All other requests for production are denied.

5. With regards to documents already produced to Defendant, as well as any future documents produced, Plaintiff is to categorize them in accordance with Rule 34(b) within 30 days of the date of this order.

6. Any privilege log by any party should include the following as to each document: (1) a brief description or summary of the document sufficient to understand its context without revealing

the contents; (2) the date it was prepared; (3) the name(s) of the person(s) who prepared the document and their position(s); (4) the person(s) to whom the document was directed or received, or for whom it was prepared, and their position(s); (5) the purpose for preparing the document; (6) the privilege asserted; and (7) the reasons that document purportedly satisfies the asserted privilege. As to this last provision, with regard to documents allegedly protected as work product, Plaintiff must identify the "litigation" at issue at the time the document was prepared and state why this document meets the "in anticipation of litigation" standard in this case. Plaintiff may also supplement the log with an affidavit or affidavits by reviewing attorneys. *See CSX Transportation, Inc. v. Admiral Insurance Company,* 1995 WL 855421 (M.D. Fla. 1995); *Gottlieb v. Wiles,* 143 F.R.D. 241 (D.C. Colo. 1992).

      DONE and ORDERED at Tampa, Florida on this 4th day of August, 2006.

                                                  MARK A. PIZZO
                                                  UNITED STATES MAGISTRATE JUDGE

cc:      Counsel of Record