UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

TINGLEY SYSTEMS, INC.,

    **Plaintiff,**

vs.                                                  Case No.: 8:05-CV-1936-T-27MAP

HEALTHLINK, INC.,

    **Defendant.**
_____/

## ORDER

**BEFORE THE COURT** are: (1) Plaintiff's Objection to Order of Magistrate Judge (Dkt. 52) Denying Motion to Compel Deposition Testimony (Dkt. 63), to which Defendant has responded in opposition; (2) Plaintiff's Objection to Order of Magistrate Judge (Dkt. 58) Denying Motion to Compel Deposition Testimony (Dkt. 65), to which Defendant has responded in opposition (Dkt. 81). (3) Plaintiff's Objection to Order of Magistrate Judge (Dkt. 60) Denying Motion to Compel Entry upon Land for Inspection (Dkt. 66), to which Defendant has responded in opposition (Dkt. 80); (4) Plaintiff's Objection to Order of Magistrate Judge (Dkt. 59) Denying Motion to Compel Production of Documents (Dkt. 67), to which Plaintiff has responded in opposition (Dkt. 83 ); (5) Plaintiff's Objection to Order of Magistrate Judge (Dkt. 61) Denying Motion to Extend Deadline for Rule 26(a)(2) Expert Witness Disclosure and Motion to Extend Case Management Deadlines (Dkt. 68), to which Plaintiff has responded in opposition (Dkt. 82).

### *Standard*

Rule 72(a) of the Federal Rules of Civil Procedure provides that upon the filing of objections to a magistrate judge's order regarding a pretrial matter not dispositive of a claim or defense of a

1

party, "[t]he district judge to whom the case is assigned shall consider such objections and shall modify or set aside any portion of the magistrate judge's order found to be clearly erroneous or contrary to law." "The magistrate's orders should not be disturbed absent a clear abuse of discretion that leaves the reviewing court with 'the definite and firm conviction that a mistake has been committed'." *Rowlin v. Ala. Dep't of Pub. Safety*, 200 F.R.D. 459, 460 (M.D. Ala. 2001)(citations omitted).

### *Discussion*

*1. Order on Motion to Compel Deposition Testimony (Dkt. 52)*

On October 31, 2006, Tingley filed a motion to compel further deposition testimony of HealthLink's Rule 30(b)(6) representative, Gary Siemen. (Dkt. 41). Specifically, Tingley claimed that HealthLink failed to make Mr. Siemen aware of information reasonably available to HealthLink concerning the number of HealthLink users accessing Tingley software. The Magistrate Judge determined that HealthLink does not possess information regarding the number of users of Tingley's software, has no means to obtain it, and that an order compelling deposition testimony on this subject would therefore be pointless. (Dkt. 52 at 1). The denial of this motion for the stated reasons was not clearly erroneous or contrary to law.

*2. Order on Motion to Compel Production of Documents (Dkt. 59)*

On October 24, 2006, Tingley filed a motion to compel production of documents, the majority of which concerned the number of users of Tingley's software. (Dkt. 38). The Magistrate Judge granted in part Tingley's motion. Specifically, the Magistrate granted in part the requests for production 7 through 9, which sought information pertaining to the number of HealthLink computers on which Tingley's software was installed. The Magistrate required HealthLink to produce the

2

number of its claims processing employees for each year between 2001 and 2006, under the rationale that certain employees in the claims department utilize Tingley software. (Dkt. 69-2, Hearing Transcript, at 36-39). The Magistrate also granted Tingley's request for production 40, which sought the source code of the version of Tingley software in use by HealthLink. (T. 49). Tingley objects to the Magistrate ordering the production of documents regarding the number of claims processing employees, contending that other classes of workers use Tingley software, including auditors, customer service, database maintenance, network development, sales and marketing employees. At the hearing, counsel for HealthLink and Tingley noted that other areas used Tingley software. (T. 32-39). The Magistrate determined that he would limit it to employees in the claims department "at this point." (T. 39).

The Magistrate denied HealthLink's motion to compel responses to requests for production 2 through 6, which requested information pertaining to the number of users of Tingley's software. (T. 30). In its Objection, Plaintiff now argues that Gary Siemen testified that HealthLink's I.T. department gives security authorization to the employees who require access to Tingley software. (Siemen Dep. at 32-33). Mr. Siemen also stated that HealthLink can determine which employees have security authorizations because it can "run a report of what systems or what modules they have access to, the users." (Dkt. 104, Siemen Dep. at 33). Mr. Siemen's testimony was not specifically addressed in Tingley's motion to compel or at the hearing on the motion.

The Court affirms the Magistrate Judge's ruling on the motion to compel as it relates to all requests for production, except for requests for production 2, 3, 4, 6 and 7. The Court defers ruling on this objection as it relates to requests 2, 3, 4, 6 and 7 and sets a hearing for this matter to take place on **Monday, May 21, 2007** at **4:00P.M.**

Case 8:05-cv-01936-JDW-MAP   Document 114   Filed 05/09/07   Page 4 of 6 PageID 3467

*3. Order on Motion to Compel Deposition Testimony (Dkt. 58)*

On November 22, 2006, Tingley filed a motion to compel the deposition testimony of Gary Fleischer as well as the deposition testimony of a Rule 30(b)(6) representative on the number of users of Tingley software, to the extent it is a derivative work. (Dkt. 48). As to the first request, the Magistrate Judge's ruling was not clearly erroneous in determining that any difficulty in completing the deposition of Gary Fleischer was due to Plaintiff's scheduling of the deposition, for the reasons explained in the Magistrate's order. (Dkt. 58 at 1).

Although the Magistrate did not specifically address Tingley's motion to compel the Rule 30(b)(6) deposition, Tingley failed to ask for leave of Court to take a second deposition. *See In re Sulfuric Acid Antitrust Litig.*, No. 03-C-4576, 2005 WL 1994105, *3 (N.D.Ill. Aug. 19, 2005) (noting that nothing in Federal Rules indicates that the prohibition on a second deposition without leave of court differs for Rule 30(b)(6) depositions). The Court declines to construe Tingley's motion to compel as a motion for leave to take additional testimony as Plaintiff now urges in its objection. In any event, it does not appear that additional testimony on the requested subjects would be helpful. As noted above, the Magistrate determined that HealthLink does not have access to any additional information regarding the number of users of Tingley software. This conclusion applies whether or not the software is considered a derivative work.

*4. Order on Motion to Compel Entry upon Land for Inspection (Dkt. 60)*

On November 24, 2006, Tingley filed a motion to compel entry upon land in order to inspect HealthLink's computer system in an effort to examine the number of users of Tingley software and modifications to Tingley software, among other subjects. (Dkt. 49). The Magistrate Judge's ruling was not clearly erroneous in concluding that Plaintiff's request to inspect Defendant's computer

system was overbroad and essentially duplicative of Tingley's motion to compel the production of documents.[1] (T. 54-55, 61-62).

5. *Order on Motion to Extend Deadlines (Dkt. 61)*

On October 27, 2006, Tingley moved for an extension of time to disclose expert witnesses. (Dkt. 40). On November 26, 2006, the day before the discovery deadline, Tingley moved for an extension of case management deadlines. (Dkt. 50). The Magistrate's questioning during the hearing revealed that Plaintiff's counsel had not spoken to any expert about any issue in the case. (T. 63). The Magistrate correctly stated that a litigant must show good cause for an extension, including due diligence in pursuit of discovery before the discovery deadline. (T. 71). *See* Local Rule 3.09(b).[2] The Magistrate's denial of the motion to extend the expert disclosure deadline was therefore not clearly erroneous or contrary to law.

The Magistrate also denied Tingley's motion to extend case management deadlines based on the late date of its filing and the effect of an extension, if granted, on the Court's docket. (T. 71). Tingley failed to show good cause for the extension, given that it took its first deposition one year after the case was filed and six weeks before the close of discovery. (T. 66). *See* Local Rule 3.09(b). The denial of the motion was therefore not clearly erroneous or contrary to law.

---

[1] When the Magistrate questioned counsel for Plaintiff as to what he wanted to look for on HealthLink's computer system, he stated: ". . . the number of users who are authorized to access that. That is the issue in the case." (T. 56).

[2] "Failure to complete discovery procedures within the time established pursuant to Rule 3.05 of these rules shall not constitute case for continuance unless such failure or inability is brought to the attention of the Court at least sixty (60) days in advance of any scheduled trial date *and is not the result of lack of diligence in pursuing such discovery.*"

5

*Conclusion*

Upon consideration, it is **ORDERED AND ADJUDGED** that:

1) Plaintiff's Objection to Order of Magistrate Judge (Dkt. 52) Denying Motion to Compel Deposition Testimony (Dkt. 63) is **OVERRULED**;

2) Plaintiff's Objection to Order of Magistrate Judge (Dkt. 58) Denying Motion to Compel Deposition Testimony (Dkt. 65) is **OVERRULED**;

4) Plaintiff's Objection to Order of Magistrate Judge (Dkt. 59) Denying Motion to Compel Production of Documents (Dkt. 67) is **OVERRULED IN PART**. The Court **DEFERS RULING** on requests for production 2, 3, 4, 6 and 7, pending a hearing on this issue.

5) Plaintiff's Objection to Order of Magistrate Judge (Dkt. 61) Denying Motion to Extend Deadline for Rule 26(a)(2) Expert Witness Disclosure and Motion to Extend Case Management Deadlines (Dkt. 68) is **OVERRULED**.

6) A hearing on Plaintiff's Objection to the Order of the Magistrate Judge on requests for production 2, 3, 4, 6 and 7 **only** is set for **Monday, May 21, 2007 at 4:00P.M.**

**DONE AND ORDERED** in chambers this 9th day of May, 2007.

_____
**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Counsel of Record